UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEREE HARTING,

    Plaintiff,

v.                                                               CASE NO: 8:13-cv-2925-T-26EAJ

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant FedEx Ground Package System Inc.'s Motion to Dismiss (Dkt. 11) and Plaintiff's Response in Opposition. (Dkt. 12). After careful consideration of the allegations of the Complaint (Dkt. 2) and the argument of the parties, the Court concludes that the motion should be denied.

Defendant argues that Plaintiff has failed to adequately allege the precise relationship between the parties which would give rise to a duty on the part of Defendant to permit a negligence action. Defendant cites to a 2005 case involving other factual disputes in which the court ruled that an independent contractor relationship existed between Plaintiff and Defendant for purposes of the claims raised in that lawsuit. Plaintiff's relationship with Defendant for purposes of the particular incident sued upon in this action, however, has not been determined by any court at this time.

In this action, Plaintiff alleges that a master-servant relationship exists.[1] Defendant argues many factual reasons why the master-servant relationship does not exist in connection with the incident at issue in this case.  Whether the nature and extent of the relationship of the parties fulfills the requirements of master and servant or principal and agent, is a question of fact.  See Parker v. Domino's Pizza, Inc., 629 So. 2d 1026, 1027 (Fla.Dist.Ct.App. 1993) (holding that the issue of one party's right to control is not decided by descriptive labels).  At this stage of the proceeding on a motion to dismiss, however, the Court is not permitted to resolve a factual dispute on the allegations of a complaint.  See Page v. Postmaster Gen. & Chief Exec. Officer of U.S Postal Serv., 493 F. App'x 994, 998 (11th Cir. 2012) (unpublished opinion ) (citations omitted).  Having determined that the allegations are sufficient to allege a master-servant relationship, the Court denies the motion to dismiss.

It is therefore **ORDERED AND ADJUDGED** that  Defendant FedEx Ground Package System Inc.'s Motion to Dismiss (Dkt. 11) is **DENIED.**  Defendant shall file its answer and defenses to the complaint within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on December 23, 2013.

---

[1] "While Harting is considered an independent contractor with FedEx, FedEx has established a master/servant relationship with Harting."  See docket 2, para. 6.  In Plaintiff's response, she correlates each of the four elements of a master-servant relationship to allegations in the Complaint.  See Saudi Arabian Airlines Corp. v. Dunn, 438 So. 2d 116, 120 (Fla.Dist.Ct.App. 1983) (listing four elements of the master-servant relationship).

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record